TOWNLEY v. RUTAN.

1. The form of complaint of unlawful detainer given in "Ewing's Justice," held to be sufficient.

2. Tenant from year to year holding over after tenancy determined by notice to quit, *Held*, that the same notice which determines the tenancy, will be sufficient as a demand and notice under the statute for delivering the possession, in order to support a complaint of unlawful detainer.

Error to the Supreme Court.

The writ of error in this case was brought upon the judgment of the Supreme Court, affirming the judgment and proceedings upon a complaint of unlawful detainer, before Rodney Wilbur, Esq. a justice of the peace in the county of Essex. The complaint filed was in the following form :

*State of New Jersey, Essex County, ss.* I, Jane Rutan, do hereby complain to R. W. Esq. one of the justices of the peace in and for the county of E., against D. E. T. of the said county, for that the said D. E. T. on the second day of April last past, having been a tenant for one year, of and in a certain lot of land, messuage, &c. situate, &c. whereof and wherein I the said J. R. am seised of an estate of inheritance in fee simple, and the said D. E. T. so being in the possession of the said premises as a tenant for years, did, on the second day of April last past, wilfully and without force hold over, and doth wilfully and without force hold over and unlawfully detain from me, the possession of the said premises, notwithstanding demand and notice in writing to deliver up the possession of said premises to me, hath been by me made and given to the said D. E. T. agreeably to law; and so the said D. E. T. is guilty of an unlawful detainer of the said premises. Dated, &c. *A. W.* attorney for complainant.

On the trial, the defendant by his counsel requested the court to charge the jury, that the demand and notice in writing for delivering possession, must be made after the term of the lease expires. But the justice refused so to charge, and instructed

Townley v. Rutan.

the jury that demand and notice prior to the termination of the tenancy, was sufficient. Under the view taken by the court, no further statement of the case seems necessary.

*J. Chetwood,* for plaintiff in error, among other errors assigned, urged that the complaint was uncertain and insufficient. *Boylston* v. *Valentine,* 1 *Har. R.* 346; *Barnes* v. *Nicholson,* 1 *Penn. R.* 326; *Allen* v. *Smith,* 7 *Halst.* 199; *Adams* v. *Decker,* 6 *Ib.* 85; *Applegate* v. *Applegate,* 1 *Har. R.* 321.

That the justice erred in his charge to the jury, and that demand and notice in writing after the termination of the tenancy, must be shewn in order to sustain the complaint. *Rev. L.* 349 § 5; Pennington, J. in *Crane* v. *Dod,* 1 *Pen. R.* 341; *Bradby on Dist.* 72; 8 *East.* 358.

*A. Whitehead,* for defendant in error. The complaint is sufficient, and embodies all that is required by the statute. If any want of certainty, there is none such but is cured by verdict. Facts imperfectly stated when cured by verdict—see *Archb. Civ. Pl.* 164; *People* v. *Reed,* 11 *Wend.* 157. The complaint is drawn in exact conformity with the precedent to be found in *Ewing's N. J. Justice,* which form was sustained by the Supreme Court in *Davis* v. *Winters,* not reported, decided after argument at September Term, 1844, overruling *Boylston* v. *Valentine,* cited on the opposite side.

The demand and notice were sufficient, and there was no error in the charge to the jury. *Archb. Land. & Ten.* 209; 5 *Burr,* 2694; 2 *W. Bl.* 1075; 6 *M. & W.* 393.

The Court, (the CHANCELLOR, the CHIEF JUSTICE, and Judges CARPENTER, ROBERTSON, SCHENCK, SPENCER, SPEER, PORTER,) unanimously affirmed the judgment of the Supreme Court.

The opinion of the court was delivered by

CARPENTER, J. It is not necessary to notice several reasons which were urged by the counsel of the plaintiff, in regard to supposed errors at the trial, as they do not appear by the record

to have been raised at the trial. The points which we are called upon to consider are reduced to two; first upon the form of the complaint, and secondly, as to the correctness of the charge by the justice.

The complaint in this case is taken from the precedent furnished in the *New Jersey Justice*, and however defective it may appear, if treated as a technical pleading, yet it has so long been adopted in practice by the most experienced practitioners, and has received such sanction from the courts, that we do not feel at liberty to overrule it. Neither should this complaint be treated as a technical pleading, but as part of a summary proceeding, which will be held sufficient if the requirements of the statute are substantially complied with. In the case of *Davis* v. *Winters*, not reported, the Supreme Court reviewed their decision in *Boylston* v. *Valentine;* which last case was then overruled, so far as relates to the form of the complaint. The files of the court were then searched, and on examination it was found that a large proportion of the complaints were in the form then before the court, and which coincides with that drawn in question in the present case. The Supreme Court, after argument, sustained the complaint as sufficient.

The statute requires demand and notice in writing to be given for the delivery of the possession, in order to sustain a complaint of unlawful detainer. *Rev. L.* 349 § 5; *Rev. Stat.* 78. In this case the complainant relied upon the ordinary notice to quit, and given for the purpose of determining the tenancy, which the justice, in his charge to the jury, held to be sufficient at the same time as a demand of possession under the statute. He charged that demand and notice for the delivery of the possession need not be given after the termination of the tenancy, but if given prior thereto, it was sufficient. The statute 4 *Geo.* 2, *c.* 28 § 1, (re-enacted in this state, *Rev. Stat.* 87 § 7,) authorizes the landlord to recover double the yearly value from any tenant who shall wilfully hold over after the determination of his term, and after demand made and notice in writing given, for delivering the possession thereof. Under this statute it has uniformly been held, that when the tenancy is from year to year, the notice to quit which is given for the purpose of deter-

mining the tenancy, is at the same time a good demand of the possession. *Wilkinson* v. *Colley*, 5 *Bur.* 2694; *Hirst* v. *Horn*, 6 *M. & W.* 393; *Archb. L. & Ten.* 209. It would be difficult to give any satisfactory reason why a different construction should be given to similar words in our statute in relation to unlawful detainers. We are of opinion that the judgment of the Supreme Court ought to be affirmed.

Judgment affirmed.

CITED *in Houghton* v. *Potter*, 3 *Zab.* 341; *Eames* v. *Stiles*, 2 *Vr.* 493.